## Turnage *v.* State

No. 40879 October 6, 1958 105 So. 2d 483

*James R. Davis,* Columbia, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

KYLE, J.

The State on the relation of the district attorney filed its bill of complaint in the Chancery Court of Marion County against D. L. "Dit" Turnage under authority of Section 2646, Mississippi Code of 1942, to abate as a nuisance a "certain dwelling of said 'Dit' Turnage and adjacent premises," in the NW¼ of NE¼ of Section 3, Township 4, Range 19, in Marion County, wherein it was alleged that intoxicating liquors were kept, used and possessed by the defendants for the purpose of sale in violation of the laws of the State of Mississippi.

The cause was heard on October 1, 1957, on the bill, answer and proof; and at the conclusion of the evidence, the chancellor found that the premises described in the bill of complaint was a place where unlawful intoxicating liquors were kept, used, sold, and possessed, as alleged in the bill of complaint, and that because of those facts the premises were under the law deemed to be a common nuisance and should be abated by a writ of injunction. A decree was therefore entered permanently enjoining and restraining the defendant from unlawfully possess-

ing, storing, keeping, selling or giving away intoxicating liquors on the above described premises, and from further operating or using said premises as a place where intoxicating liquors are kept or sold in violation of the laws of the State. The decree also required the defendant to enter into bond in the sum of $500 conditioned that he would not violate the terms of the decree.

The appellant's attorney argues only one point as ground for reversal of the chancellor's decree, and that is, that the evidence offered on behalf of the State failed tho sustain the allegation of the bill of complaint.

Three witnesses testified for the State. Louis Pierce, constable, testified that he, in company with two other officers, raided the premises of "Dit" Turnage in the Goss community on January 12, 1957, under authority of a search warrant which was served on "Dit" Turnage, but was not produced at the trial. Pierce stated that "Dit" Turnage later "pleaded guilty for whiskey obtained there that day", and paid a fine of $100 in the justice of the peace court; that he had known Turnage for several years; and that his general reputation for violation of the prohibition statutes at the place which the officers raided was bad. On cross-examination, Pierce stated that the whiskey referred to by him was not found in "Dit" Turnage's house, but "just across the road in front of his house." Pierce was asked how far across the road he went, and his answer was, "I don't remember, we go to so many places. It wasn't too far." He then was asked whether the place where he found the whiskey was on Mr. Turnage's land. His answer was, "I wouldn't say whose land it was on." Pierce stated that Turnage's house was set back about 100 feet from the road, which was a well-traveled road, and that there was no other house close by. He stated that Turnage claimed the whiskey and paid the fine.

S. E. Jernigan, deputy sheriff, testified that he participated in the raid which was made on Turnage's place

on January 12, 1957; that the officers were armed with a search warrant and searched the premises; and that Turnage pleaded guilty to a charge of unlawful possession of intoxicating liquor in the justice of the peace court and paid a fine of $100. Jernigan stated that he did not know Turnage's "general reputation." Lamar Hatten, justice of the peace of District No. 2, identified his justice of the peace docket, and read into the records the docket entry in the case of "State v. 'Dit' Turnage," which was as follows: " 'Dit' Turnage was charged with possession of whiskey by the chief deputy sheriff, Mr. Jernigan, and 'Dit' Turnage was fined $100 and costs, the 12th of January, 1957." The judgment was signed by the justice of the peace.

We think the evidence was entirely insufficient to support the findings of the chancellor "that the premises described in the bill of complaint was a place where unlawful intoxicating liquors were kept, used, sold, and possessed, as alleged in the bill of complaint." It was not shown by the testimony of the officers that the whiskey referred to above was found in the dwelling house or on the adjacent premises described in the bill of complaint, or on land owned or controlled by "Dit" Turnage. It was not shown that any intoxicating liquor had been found on the premises described in the bill of complaint at any other time. It was not shown that the "building and its adjacent premises" described in the bill of complaint had a bad reputation as a place where intoxicating liquor was kept or sold. The only testimony relating to the general reputation of the premises searched was the statement of Constable Pierce that he had known Turnage for several years, and that his general reputation for violation of the prohibition statutes at the place which the officers raided was bad. The only violation of the law which was actually proved was that referred to in the testimony relating to the finding of the whiskey on the other side of the road at a considerable distance from

"Dit" Turnage's house; and the Attorney General in his brief concedes that the testimony relating to the place where the whiskey, for which "Dit" Turnage paid a fine, was found did not show positively whether the whiskey was found on the premises described in the bill of complaint and the chancellor's decree or not.

 █ In suits to abate or enjoin a liquor nuisance, facts warranting an injunction may be established by a mere preponderance of the evidence. 48 C. J. S., p. 699, Intoxicating Liquors, par. 420 c. Such actions are civil and not criminal, and the law does not require the same high degree of proof in cases of this kind as in a criminal proceeding. But there must be proof of the various elements required by the statute to justify the issuance of the injunction. State ex rel. Eubanks v. Dick, 150 Kan. 230, 92 P. 2d 92, 97. █ We think the evidence in this case was entirely insufficient to show that the appellant's house and adjacent premises constituted a place where intoxicating liquors were found, kept or possessed, and subject to abatement as a common nuisance under Section 2646, Code of 1942, For the reason stated, the decree of the lower court will be reversed, and judgment will be entered here dismissing the bill of complaint.

Reversed and judgment rendered in favor of the appellant.

*McGehee, C. J.*, and *Lee, Holmes* and *Arrington, JJ.*, concur.